UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIDODERM ANTITRUST LITIGATION                           MDL No. 2521

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in two actions pending in the Northern District of California move to centralize this litigation in that district or, alternatively, in the Middle District of Tennessee. This litigation currently consists of six actions pending in the Northern District of California, the Eastern District of Pennsylvania, the District of Rhode Island, and the Middle District of Tennessee, as listed on Schedule A.[1]

All of the responding parties support centralization, but disagree as to the transferee district. The responding defendants[2] concur with the moving plaintiffs that this litigation should be centralized in the Northern District of California. By contrast, plaintiffs in the two actions pending in the Eastern District of Pennsylvania suggest centralization in that district, while the plaintiff in the action pending in the District of Rhode Island advocates for centralization in the District of Rhode Island. Finally, plaintiffs in three actions and potential tag-along actions pending in the Middle District of Tennessee argue for centralization in the Middle District of Tennessee.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that defendants violated federal and state antitrust laws by excluding generic competition for Endo's name brand drug Lidoderm, a topical patch containing 5% lidocaine for use in treating pain associated with post-herpetic neuralgia. The defendants' alleged anticompetitive conduct includes, *inter alia*, engaging in sham patent infringement litigation and entering into an anticompetitive reverse payment

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

[1] A seventh action, filed in the District of Minnesota, was voluntarily dismissed after briefing on the motion to centralize closed. Additionally, the parties have notified the Panel of thirteen related actions pending in the Central and Northern Districts of California, the Eastern District of Pennsylvania, and the Middle District of Tennessee. These and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] Responding defendants include: Endo Pharmaceuticals, Inc. (Endo); Teikoku Pharma USA, Inc.; Teikoku Seiyaku Co., Ltd.; Actavis plc; Actavis, Inc. (f/k/a Watson Pharmaceuticals, Inc.); and Watson Laboratories, Inc.

-2-

agreement in order to prevent generic competitors to Lidoderm from entering the market. All of the actions are putative nationwide class actions on behalf of either direct or indirect purchasers of Lidoderm. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. *See In re Niaspan Antitrust Litig.*, MDL No. 2460, __ F. Supp. 2d __, 2013 WL 5239728, at *1 (J.P.M.L. Sept. 17, 2013) (centralizing eight antitrust actions premised on anticompetitive settlement agreements).

We have selected the Northern District of California as the transferee district for this litigation. Six of the nineteen related actions (including the potential tag-along actions) are pending in this district. Both defendants and several plaintiffs favor transfer there. The Northern District of California likely will be the most convenient for the greatest number of parties in this litigation, including the defendants based on the West Coast and in Asia. We are convinced that the Northern District of California has the necessary judicial resources and expertise to efficiently manage this litigation, and centralization in this district provides us the opportunity to assign the litigation to a capable jurist who has not yet presided over an MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William H. Orrick III for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer          Sarah S. Vance
Ellen Segal Huvelle

IN RE: LIDODERM ANTITRUST LITIGATION                                         MDL No. 2521

## SCHEDULE A

<u>Northern District of California</u>

UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1776 & PARTICIPATING
     EMPLOYERS HEALTH AND WELFARE FUND V. TEIKOKU PHARMA USA,
     INC., ET AL., C.A. No. 3:13-05257
FRATERNAL ORDER OF POLICE, FORT LAUDERDALE LODGE 31, INSURANCE
     TRUST FUND V. TEIKOKU PHARMA USA, INC., ET AL.,
     C.A. No. 3:13-05280

<u>Eastern District of Pennsylvania</u>

DROGUERIA BETANCES, INC. V. ENDO PHARMACEUTICALS, INC., ET AL.,
     C.A. No. 2:13-06542
ROCHESTER DRUG CO-OPERATIVE, INC. V. ENDO PHARMACEUTICALS
     INC., ET AL., C.A. No. 2:13-07217

<u>District of Rhode Island</u>

CITY OF PROVIDENCE, RHODE ISLAND V. ENDO PHARMACEUTICALS,
     INC., ET AL., C.A. No. 1:13-00771

<u>Middle District of Tennessee</u>

PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST V. TEIKOKU
     PHARMA USA, INC., ET AL., C.A. No. 3:13-01378